IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Emilia Onukwugha, et al.,  :
    Plaintiffs,  :
    v.  : CIVIL ACTION NO.
      : 1:12-cv-03900-JOF
Wells Fargo Bank, N.A., *as certificate trustee in trust for registered holders of VNT Trust Series 2012-2*,  :
    Defendant.  :

## **ORDER**

This matter is before the court on Defendant's partial motion to dismiss [2].

**I.  Background**

    **A.  Procedural History and Facts Alleged in Complaint**

On October 10, 2012, Plaintiffs, Emilia and Jude Onukwugha, filed suit against Defendant Wells Fargo Bank, N.A., as certificate trustee in trust for registered holders of VNT Trust Series 2010-2, in the Superior Court of Gwinnett County alleging various causes of action arising out of an alleged wrongful foreclosure. Defendant removed the suit to this court on November 7, 2012, and filed the instant motion to dismiss.

Plaintiffs' complaint involves property located at 6260 Indian River Drive, Norcross, Georgia. *See* Cmplt., ¶ 4. Plaintiffs executed a Promissory Note on the Property. *Id.*, ¶ 5. The Promissory Note was secured by a Deed to Secure Debt which was recorded in Gwinnett County. *Id.*, ¶ 6. Plaintiffs fell behind on their mortgage in 2011. *Id.*, ¶ 8.

Defendant mailed to Plaintiffs a letter stating that it intended to exercise the power of sale clause in the Security Deed at a Foreclosure Sale. *Id.*, ¶ 9. Defendant sent this Foreclosure Notice to Plaintiffs less than thirty (30) days prior ro the Foreclosure Sale. *Id.*, ¶ 10. In the Foreclosure Notice, Defendant identified "Wells Fargo Bank, N.A. as certificate trustee (not in its individual capacity but solely as certificate trustee in Trust for Registered Holders of VNT Trust Series 2010-2" as the entity with "the full authority [to] negotiate, amend, or modify the terms" of the mortgage. *Id.*, ¶ 11. Defendant was not the entity with "the full authority to negotiate, amend, or modify the terms" of the mortgage at the time the Foreclosure Notice was sent. *Id.*, ¶ 12. An entity other than Defendant was the "investor," secured creditor or entity with the authority to modify the terms. *Id.*, ¶ 13. Defendant was also not the "secured creditor" on the mortgage at the time it sent the Foreclosure Notice. *Id.*, ¶ 14. Defendant's Foreclosure Notice did not provide the contact information for the entity with authority to negotiate or amend the terms of the mortgage. The only contact information listed was for Defendant's foreclosure counsel. *Id.*, ¶ 15.

2

Defendant conducted a foreclosure sale in August 2012. *Id.*, ¶ 16. As a result of this sale, Plaintiffs have lost their home and incurred damages. *Id.*, ¶ 17. Plaintiffs have suffered emotional, physical, and psychological distress. *Id.*, ¶ 18.

Plaintiffs allege a claim for wrongful foreclosure contending that on the date Defendant exercised the Power of Sale clause in the Security Deed, Defendant had no legal title to the property. *Id.*, ¶ 21. Defendant was only a servicer on the mortgage. *Id.*, ¶ 22. Plaintiffs also allege a claim for "lack or proper notice of foreclosure" contending that Defendant was not a secured creditor and did not have authority to negotiate or modify the terms of the mortgage. *Id.*, ¶¶ 30-32. Defendant failed to identify in the foreclosure notice the entity with the authority to negotiate or modify the terms of the mortgage. *Id.*, ¶¶ 33-35. The third count in Plaintiffs' complaint is also labeled "lack of proper notice" and contends that the Foreclosure Notice was not sent until July 20, 2012, and the Foreclosure Sale took place on August 7, 2012, within 30 days of the notice. *Id.*, ¶¶ 38-40. The fourth count of the complaint is labeled "failure to fairly exercise power of sale" clause alleging that Defendant was not the secured creditor when it attempted to foreclose. *Id.*, ¶¶ 43-46.

**B.     Contentions**

Defendant argues that the court should grant Defendant's motion to dismiss because Plaintiffs' complaint is based on legal conclusions unsupported by any facts. Defendant also asserts that Plaintiffs' claim that Wells Fargo has no legal title to the property is frivolous

3

because there is a duly recorded assignment of the Security Deed to Wells Fargo on July 28, 2011.  Further, Plaintiffs have not pled any facts which support their legal conclusion that Wells Fargo is not a secured creditor.  Defendant argues that Plaintiffs' wrongful foreclosure claim fails because Plaintiffs have not tendered the amount owed under the Promissory Note.  Defendant further avers that the Foreclosure Notice substantially complied with the provisions of O.C.G.A. § 44-14-162.2 in identifying the name and contact information for the lender's attorney.   Further, Defendant argues, Plaintiffs cannot establish that any deficiencies in the Foreclosure Notice were the cause of their failure to default on mortgage payments and have the house foreclosed.

Plaintiffs respond that their complaint meets the "plausibility" standard set forth in *Twombly* and *Iqbal* and in the alternative should the court find that the allegations in the complaint are insufficient, the court should direct Plaintiffs to amend their complaint rather than dismiss it.  Plaintiffs argue that the "tender" requirement has not been applied to cases alleging a wrongful foreclosure claim in the manner pled here. Plaintiffs further aver that Georgia cases have applied a "causation" analysis in only commercial real estate loans and not residential loans.  Plaintiffs assert that Georgia law recognizes a distinction between a loan "servicer" and a "secured creditor" and requires that the entity with the authority to negotiate or modify the terms of the mortgage be identified on the foreclosure notice.

4

Finally, Plaintiffs argue that substantial compliance is not sufficient to satisfy the notice requirements of O.C.G.A. § 14-4-162.2.

## II.     Discussion

### A.     Tender

The court agrees with Plaintiffs that it is not clear under Georgia law that a tender must be made in order to raise a claim for wrongful foreclosure. Georgia courts have consistently held that if a plaintiff seeks any kind of equitable declaratory relief, a tender must be made. *See*, *e.g.*, *Taylor, Bean & Whitaker Mortg. Corp. v. Brown*, 276 Ga. 848, 850 (2003) (debtor who executed security deed and defaults on loan cannot enjoin foreclosure unless debtor has paid or tendered amount due on loan); *Hill v. Filsoof*, 274 Ga. App. 474, 475 (2005) ("Before one who has given a deed to secure his debt can have set aside in equity a sale by the creditor in exercise of the power conferred by the deed, and injunction to prevent interference with the debtor's possession of the property conveyed by the deed, he must pay or tender to the creditor the amount of principal and interest due."). However, Plaintiffs are not seeking any equitable relief here. Therefore, at this time, the court will not dismiss Plaintiffs' complaint for failure to tender amount owed.

### B.     Wrongful Foreclosure (Secured Creditor)

The gravamen of Plaintiff's claims with respect to Counts I and IV of their complaint is that Wells Fargo is not the "secured creditor" and therefore does not have the authority

5

to foreclose and also cannot be the entity which provides the foreclosure notice required under Georgia law. Numerous cases in this district have discussed the legal significance of a "secured creditor" with respect to what entity holds the Security Deed and what entity holds the Promissory Note. The majority view is that the security deed holder has the power to foreclose. *See LaCosta v. McCalla Raymer, LLC,* Civil Action No. 1:10–CV–1171–RWS, 2011 WL 166902, at *3–*4 (N.D. Ga. Jan.18, 2011) (Story, J.). A minority view holds that it is only the note holder who can properly foreclose. *See Stubbs v. Bank of Am.,* 844 F. Supp. 2d 1267, 1273 n.3 (N.D. Ga.2012) (Totenberg, J.). The court has certified this question to the Supreme Court of Georgia which has not yet issued an opinion on the matter. *See Chae Yi You and Chur K. Back v. JPMorgan Chase Bank, N.A. and Fed. Nat'l Mortg. Assoc.,* 1:12–cv–202–JEC–AJB. (Order and Op. [15] Sept. 7, 2012 at 10–15.).

The court, however, need not even reach this point in the discussion because Plaintiffs have failed altogether to allege who – other than Wells Fargo – might be the "secured creditor" for the property. Nowhere have Plaintiffs alleged who holds the Promissory Note. Nor have Plaintiffs alleged any reason why this information cannot be known to them. Plaintiffs do allege that Wells Fargo was only a "servicer" of the mortgage and not a "secured creditor." But Plaintiffs provide no factual context for this assertion. Plaintiffs' bald allegations that Wells Fargo is a "servicer" and not the "secured creditor"

6

are simply legal conclusions pled in the complaint. Under *Twombly* and *Iqbal*, the court is not required to presume the truth of legal conclusions.

Furthermore, there can be no dispute that Wells Fargo received the Security Deed in an assignment from Huntington National Bank recorded on August 8, 2011. Defendant shows that on March 21, 2006, Plaintiff obtained a loan from Tribeca Lending Corporation for $435,000. *See* Security Deed, Mot. to Dismiss, Exh. A.[1] In order to secure the loan, Plaintiffs executed a Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Tribeca Lending Corporation. MERS assigned the Security Deed to Deutsche Bank National Trust Company as Trustee for Tribeca Lending Trust Series I. *See id.*, Exh. B. Deutsche Bank assigned its interest in the Security Deed to The Huntington National Bank, as Certificate Trustee of Franklin Mortgage Asset Trust 2009-A. *See id.*, Exh. C. Huntington National Bank assigned its interest in the Security Deed to Wells Fargo. *See id.*, Exh. D. After Plaintiffs defaulted on the Loan, Plaintiffs were sent

---

[1]On a motion to dismiss, the court may only consider the pleadings and exhibits attached to them. *See*, *e.g.*, *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). However, a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed. *See*, *e.g.*, *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (explaining that "undisputed" in this context means authenticity of document is not challenged). The court finds that the recorded assignments of the Security Deed, as well as the Notice of Sale Under Power are both referred to in Plaintiffs' complaint and central thereto. The court further finds that Plaintiffs have not challenged the authenticity of the documents attached by Defendant to its motion to dismiss.

AO 72A
(Rev.8/82)

a Notice of Sale Under Power which identifies Wells Fargo as the holder of the Security Deed. *See id.*, Exh. E.

Thus, there can be no dispute that Wells Fargo holds the Security Deed. The plain language of the Security Deed gives Wells Fargo the authority to foreclose and Plaintiffs' wrongful foreclosure claim based on speculative allegations that Wells Fargo is not the secured creditor must fail.

### C. Wrongful Foreclosure (Sufficiency of Notice)

The court notes that in this motion, Defendant does not seek a dismissal of Plaintiffs' third count in the complaint which contends that the Foreclosure Notice was not sent at least 30 days prior to the date of the foreclosure sale. The court will not discuss that issue here further.

The court also notes that in Paragraph 46 of their complaint, Plaintiffs aver that "Defendant's failure to identify the entity with the authority to negotiate the terms of the loan at issue, representation(s) that it was the secured creditor or otherwise had the authority to exercise the power of sale in the Security Deed, **and/or** Defendant's failure to mail or deliver the Foreclosure Notice to Plaintiffs' correct address all demonstrate that Defendant did not exercise the power of sale clause in the Security Deed in a fair manner." *See* Cmplt., ¶ 46 (emphasis added). This is the only mention in the complaint about the possibility that the Foreclosure Notice was sent to the incorrect address. Under these circumstances, the

8

court finds that an allegation based on an "and/or" premise is not sufficient to satisfy *Twombly* or *Iqbal*. Defendant has no notice as to whether Plaintiffs are actually alleging that the Notice was sent to the wrong address or not. Had Plaintiffs alleged some kind of facts to support this naked assertion, it might be sufficiently stated. But based on the vagueness of Plaintiffs' allegation, the court does not find that Plaintiffs have sufficiently alleged the Foreclosure Notice was sent to the improper address.

The court turns now to Plaintiffs' contention that Defendant did not properly identify the party with the authority to negotiate, amend, or modify the terms of the mortgage.

O.C.G.A. § 44-14-162.2(a) provides:

Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor.

*Id.*

The Georgia Court of Appeals has held that a proper notice must identify the entity with the power to negotiate, modify, or amend terms of the mortgage. *See Reese v. Provident Funding Assocs., LLP*, 317 Ga. App. 353 (2012) *but see Stowers v. Branch Banking & Trust Co.*, 317 Ga. App. 893 (2012) (finding substantial compliance with

9

O.C.G.A. § 44-14-162.2 where notice identified only lender's attorney who was neither secured creditor nor entity with full authority to modify loan); *TRW Partners, LLC v. Archer Capital Fund, LP*, 302 Ga. App. 443 (2010) (where notice included name, address, and telephone number of secured creditor's attorney, notice substantially complied with O.C.G.A. § 44-14-162.2). Contrary to the assertion of Plaintiffs' counsel, *Stowers* did not reject the "substantial compliance" standard. Rather, *Stowers*, simply said that the holding of *TRW* would not be applied retroactively.

Moreover, even if Plaintiffs could show that notice of foreclosure failed to contain the required information concerning the entity with the authority to negotiate or modify the terms of the mortgage, Plaintiffs would still have to deal with the causation issue. In *DeGolyer v. Green Tree Servicing*, LLC, 291 Ga. App. 444 (2008), the Georgia Court of Appeals stated that "Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." *Id.* at 448 (citing *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 371 (2004)). Several courts, including *DeGolyer*, have found that where a borrower fails to make mortgage payments, he cannot show that his alleged injury in foreclosure has been caused by the lender's acts or omissions. "Failure to make the proper loan payments defeats any wrongful foreclosure claim." *See*, *e.g.*, *Harvey v. Deutsche Bank Nat. Trust Co.*,

10

2012 WL 3516477 (N.D Ga. Aug. 14, 2012) (Story, J.) (citing *DeGolyer* and *Heritage Creek*).

Here, Plaintiffs argue that *DeGolyer* and *Heritage Creek* are not applicable because those cases involved commercial mortgages. Nothing in those cases, however, indicates that commercial mortgages should be treated differently than residential mortgages for the purposes of this causation analysis. *See also Calhoun First National Bank v. Dickens*, 264 Ga. 285, 286 (1994). Therefore, the court also finds that Plaintiffs cannot establish that any alleged failure to provide the proper information concerning the entity with the authority to negotiate, amend, or modify the terms of the mortgage caused Plaintiffs any harm arising out of the foreclosure. For all of these reasons, the court dismisses Plaintiffs' claim for wrongful foreclosure due to failure of the foreclosure notice to properly identify the entity with the authority to negotiate, amend, or modify the terms of the mortgage.

Plaintiffs argue that the court should allow them to proceed to discovery because discovery "could" produce evidence to support Plaintiffs' contention that Defendant was a mere "servicer" on the loan. Plaintiffs argue Wells Fargo is acting as a trustee on behalf of a trust and therefore can only be a servicer. In addition to the fact that Plaintiffs have not alleged this theory in their complaint, the trustee/trust relationship does not mean that Wells Fargo is only a servicer on the account. Rather, it means that Wells Fargo as Trustee is acting on behalf of the Trust. In the alternative, Plaintiffs ask the court to allow them to

11

amend their complaint. Plaintiffs, however, have not offered to the court any information they would include in an amended complaint or how any amendment would render moot the arguments made by Defendant in this motion to dismiss. Furthermore, Defendant asks for a dismissal of these claims without prejudice. For all of these reasons, the court finds that there is no basis at this time for granting Plaintiffs leave to amend their complaint.

### III.  Conclusion

The court GRANTS Defendant's partial motion to dismiss [2]. Plaintiffs' complaint proceeds on the basis of Count III only which alleges that the Foreclosure Notice was not sent without the required time period.

**IT IS SO ORDERED** this 17th day of April, 2013.

 S/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)